### LANG v. LUX MFG. CO.

(Supreme Court, Appellate Term, First Department.   May 18, 1915.)

SALES ☞84—CONTRACT—NOTICE—"SERVED."

    Where a contract of sale provided that, if the defendant could purchase elsewhere similar goods better suited to meet competition, its contract with the plaintiff "should expire 30 days after notice of such possibility shall be served," the provision requiring notice could be satisfied either by an oral or written notice; the use of the word "served" not necessarily implying a writing.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 234, 235; Dec. Dig. ☞84.

    For other definitions, see Words and Phrases, First and Second Series, Served.]

Appeal from City Court of New York, Trial Term.

Action by Richard F. Lang against the Lux Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Bernard F. Nathan, of New York City (Edwin W. Cady and Harold Swain, both of New York City, of counsel), for appellant.

William Jasie, of New York City (Bernard Gordon, of New York City, of counsel), for respondent.

PER CURIAM. The action was brought for damages for breach of a contract in writing to take and pay for certain wire filaments. The contract contained a provision that, if defendant "became enabled to purchase so-called wire-drawn filaments better suited to meet competition" than the ones which plaintiff was furnishing, the contract "shall expire 30 days after notice of such possibility of purchase shall be served." The answer alleged that defendant gave plaintiff the notice provided for in the contract, by reason whereof the contract had expired. The learned court at the trial excluded evidence as to the filament defendant was using, also certain letters of plaintiff's offered in evidence, and directed a verdict for the plaintiff, evidently on the theory that only a notice in writing would satisfy the provisions of the contract.

This was error. The contract did not specify the kind of notice required, whether oral or in writing, and where the parties have failed to particularize there is no reason why the court should do so for them, and import into the instrument a term the parties themselves have omitted. A provision requiring notice only is satisfied by either oral or written notice, and the use of the word "served" does not necessarily imply a writing. It is no strain or perversion of language to speak of serving an oral, as well as a written, notice. The exclusion of the above evidence and direction of a verdict was error.

In this view it is unnecessary to consider the other questions discussed in the briefs. Nor do we decide that the defendant was entitled to terminate the contract in accordance with its provisions; proof as to the conditions upon which notice of termination might be given having been, as above pointed out, excluded.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.